**P. ANDREW McSTAY, JR.**, OSB 033997
andymcstay@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 778-5302 tel
(503) 778-5299 fax

Attorneys for Defendant Jacksons Food Stores, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BRIAN NORBY** and **JACQUELINE MAY**, individually and on behalf of all others similarly situated,<br><br>**PLAINTIFFS**,<br><br>v.<br><br>**JACKSONS FOOD STORES, INC.**,<br><br>**DEFENDANT** | Case No. 3:23-cv-00005<br><br>**NOTICE OF REMOVAL** |

Defendant Jacksons Food Stores, Inc. ("Jacksons") removes this case, originally filed in the Circuit Court of the State of Oregon for the County of Multnomah, to the United States District Court for the District of Oregon at Portland. Jacksons removes this case under 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds described below.[1]

[1] Jacksons expressly preserve all Rule 12(h) objections. *See* Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1395 (3d ed. 2004) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'").

## I. BACKGROUND

1. On December 1, 2022, Plaintiffs Brian Norby and Jacqueline May ("Plaintiffs") filed the Complaint in Multnomah County Circuit Court Case No. 22CV40791 (the "State Court Action").

2. On December 2, 2022, Plaintiffs served Jacksons with a Summons and Complaint in the State Court Action.

3. Copies of the Summons and Complaint are attached as **Exhibit 1**, and, to the best of Jacksons' knowledge, constitute all process, pleadings, and orders served on Defendants in this action up to the present date.

## II. REMOVAL IS TIMELY

4. Plaintiffs first served Jacksons with copies of the Summons and Complaint on December 2, 2022. Removal of the State Court Action is therefore timely because Defendants file this Notice of Removal within 30 days of that date. 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) ("[I]f the summons and complaint are served together, the 30-day period for removal runs at once.").

## III. DEFENDANT HAS SATISFIED PROCEDURAL REQUIREMENTS FOR REMOVAL

5. "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owen*, 574 U.S. 81, 84 (2014). "A statement 'short and plain' need not contain evidentiary submissions." *Id.*

6. Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in a state court to the respective United States District Court if the district has original jurisdiction over the action.

7. Federal district courts have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the proposed class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

8. This action is one over which the district court has original jurisdiction under 28 U.S.C. § 1332(d)(2) because the amount in controversy as alleged by Plaintiffs exceeds $5,000,000, and the named plaintiffs and Jacksons are citizens of different states.

9. Plaintiffs' Complaint seeks damages of not less than $10,000,000, Compl., Prayer, so the amount in controversy exceeds $5,000,000.

10. For diversity purposes, a natural person's state citizenship is determined by that person's domicile—that is, "[one's] permanent home, where [that person] resides with the intention to remain or to which [that person] intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed"). "[W]hen a trustee files a lawsuit . . . in [his] own name, [his] citizenship is all that matters for diversity purposes." *Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, 920 F.3d 1223, 1228 (9th Cir. 2019) (quoting *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016)).

11. Plaintiff Brian Norby alleges he is "a resident and domiciliary of Oregon, living in Portland, Oregon." Compl. ¶ 8.

12. Plaintiff Jacqueline May alleges that she is "a resident and domiciliary of Oregon, living in Portland, Oregon." Compl. ¶ 9.

13. For purposes of diversity jurisdiction, the citizenship of a corporation is the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Montrose Chem. Corp. of Cal. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1234 (9th Cir. 1997).

14. Jacksons is a Nevada corporation with a principal place of business in Idaho, making it a Nevada and Idaho citizen.



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

15. Because both Plaintiffs and Jacksons are citizens of different states, the diversity requirement is satisfied.

16. Under 28 U.S.C. §1446(a), venue lies with this Court because the United States District Court for the District of Oregon is the federal judicial district embracing the courts of Multnomah County, where Plaintiff filed the State Court Action. 28 U.S.C. § 117. Jacksons properly removes this action to the Portland Division of the District of Oregon. Under LR 3-2(a)(1), cases where the claims arose in Multnomah County are properly removed to Portland, and Plaintiffs allege Multnomah County is the appropriate venue. Compl. ¶ 13. Jacksons has therefore properly removed this case to the Portland Division.

17. Promptly after filing this Notice of Removal, Jacksons will give written notice to Plaintiffs' counsel and will file a copy of this Notice with the Clerk of the Multnomah County Circuit Court as required under 28 U.S.C. § 1446(d).

18. Jacksons therefore gives notice that the above-entitled action is removed to the United States District Court for the District of Oregon at Portland.

DATED this 3rd day of January, 2023.

**DAVIS WRIGHT TREMAINE LLP**

By s/ P. Antml Andrew McStay, Jr.

**P. Andrew McStay**, OSB 033997
andymcstay@dwt.com
Telephone: (503) 778-5302
Facsimile: (503) 778-5299

Attorneys for Defendant Jacksons Food Stores, Inc.