1

2

3

4

5 IN THE CIRCUIT COURT OF THE STATE OF OREGON

6 FOR THE COUNTY OF MULTNOMAH

7 BRIAN NORBY and JACQUELINE MAY, individually and on behalf of all others similarly situated,

Case No.

**CLASS ACTION COMPLAINT**

8

9 Plaintiffs,

CLAIM NOT SUBJECT TO MANDATORY ARBITRATION

10 v.

Filed Under ORS 21.160(e) (amount claimed exceeds $10 million)

11 JACKSONS FOOD STORES, INC.,

Defendant.

Filing Fee: $1,178.00

12

13                                             1.

14        Plaintiffs Brian Norby and Jacqueline May ("Plaintiffs"), on behalf of themselves and all

15 other persons similarly situated, by and through their attorneys, make the following allegations

16 based upon information and belief, except as to allegations specifically pertaining to themselves,

17 which are based on personal knowledge.

18                              **NATURE OF THE ACTION**

19                                             2.

20        This is a putative class action against Jacksons Food Stores, Inc., ("Jacksons" or

21 "Defendant") for violation of the Code of the City of Portland, Oregon ("CCPO") Ch. 34.10 *et*

22 *seq.* (the "Ordinance"), an ordinance which bans the use of facial recognition technologies in

23 places of public accommodation in Portland, Oregon (the "City").

24                                             3.

25        Plaintiffs bring this action for damages and other legal remedies resulting from the illegal

26 actions of Defendant in employing automated facial recognition technology in its convenience

Page 1  -  **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 1 of 24**

1   stores in violation of the Ordinance.

2                                    4.

3        On information and belief, Jacksons employed surveillance cameras and facial

4   recognition technology (the "Security System") to identify and screen individuals who visit its

5   stores, including its Portland, Oregon locations after the Ordinance went into effect.  Upon

6   information and belief, this technology is employed to assist in the identification and prosecution

7   of shoplifters.

8                                    5.

9        But, as the city of Portland has recognized, the technology behind the automated Security

10  System is deeply flawed.  It has been proven to wrongly identify people as criminals, and these

11  errors disproportionately affect women and people of color.[1]  Thus, customers may find

12  themselves stopped by security or prevented from entering a Jacksons store merely for having

13  the wrong facial features or skin color.  What's more, customers may not even be aware that they

14  are being screened by facial recognition technology as they attempt to enter a store.

15                                   6.

16       Plaintiffs Norby and May, and all others similarly situated, were subjected to this face

17  recognition technology in Jacksons' Portland locations.  Defendant is therefore using face

18  recognition technologies in violation of the Ordinance.

19                                   7.

20       Accordingly, Plaintiffs Norby and May, and all other members of the Class they seek to

21  represent, have been injured and suffered damages.  Plaintiffs bring this action to recover

22  statutory damages and for a permanent injunction against further use of the face recognition

23  software in the City of Portland, Oregon.

24

25  _____

26  [1] Vox, *Why algorithms can be racist and sexist,* Rebecca Heilweil,
    https://www.vox.com/recode/2020/2/18/21121286/algorithms-bias-discrimination-facial-recognition-transparency (accessed 09/30/2022).

Page 2   -   **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 2 of 24**

1                              **PARTIES**

2                                  8.

3        Plaintiff Brian Norby is a resident and domiciliary of Oregon, living in Portland,

4   Oregon.

5                                  9.

6        Plaintiff Jacqueline May is a resident and domiciliary of Oregon, living in Portland,

7   Oregon.

8                                  10.

9        Defendant Jacksons Food Stores, Inc., is an American convenience store chain organized

10  and existing under the laws of the State of Idaho and headquartered in Meridian, Idaho.

11                                 11.

12       Jacksons is one of the largest privately held corporations in Idaho and operates 230+

13  convenience stores across six states in the American west.  Jacksons stores are "single service

14  stations," operating jointly with gas station brands Chevron, Shell, and Texaco.[2]  Within the City

15  of Portland, Defendant has approximately 33 store locations.[3]

16                     **JURISDICTION AND VENUE**

17                                 12.

18       This Court has general subject-matter jurisdiction over this class action pursuant to ORCP

19  4.  This Court has personal jurisdiction over the parties because Plaintiffs submit to the

20  jurisdiction of the court and are Oregon residents, and Jacksons has systematically and

21  continually conducted business in the City of Portland, Oregon, and throughout the State of

22  Oregon, such that suit in the State and this County is foreseeable.

23

24

25

26  _____

    [2] https://jacksons.com/about
    [3] https://jacksons.com/locations

Page 3   -   **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 3 of 24**

1         13.

2   Venue is proper under ORS 14.090 because Jacksons conducts business in Multnomah

3 County and the conduct giving rise to this action took place in the city of Portland, Oregon.

4 Plaintiffs are informed and believe that Jacksons continues to use facial recognition technology

5 within the city of Portland, in violation of the Ordinance.

6        **FACTUAL ALLEGATIONS**

7  **I. THE FACIAL RECOGNITION BAN**

8         14.

9   On September 9, 2020, Portland Mayor Ted Wheeler and the Portland City Council

10 unanimously voted to pass two ordinances that prohibit the use of face recognition technologies

11 in Portland, Oregon.[4]  One of those ordinances bans the use of face recognition technologies by

12 City bureaus, and the other bans their use "in places of public accommodation by any private

13 entity within the boundaries of the city of Portland." CCPO 34.10.030.  The second ordinance is

14 the subject of this action.

15         15.

16   The Ordinance describes "Face Recognition" as "the automated searching for a reference

17 image in an image repository by comparing the facial features of a probe image with the features

18 of images contained in an image repository."  CCPO 34.10.020(A).

19         16.

20   The Ordinance describes "Face Recognition Technology" as "automated or semi-

21 automated processes using Face Recognition that assist in identifying, verifying, detecting, or

22 characterizing facial features of an individual or capturing information about an individual based

23 on an individual's face."  CCPO 34.10.020(B).

24

25

26 [4] https://www.portland.gov/smart-city-pdx/news/2020/9/9/city-council-approves-ordinances-banning-use-face-recognition

Page 4 - **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 4 of 24**

1              17.

2        Put simply, face recognition technology takes an image and uses artificial intelligence

3   and an algorithm to label and categorize the image.

4              18.

5        As the term suggests, face recognition technology is often used to identify a specific

6   person, however, face recognition technology can be used to identify different traits about a

7   person as well.  For instance, face recognition technology can be used to identify a person's race,

8   gender, age, or mood.[5]

9              19.

10       There are three exceptions to the ordinance.  <u>First</u>, the ordinance allows the use of face

11  recognition technology to comply with federal, state, or local laws.  <u>Second</u>, it permits use of

12  face recognition technology for user verification purposes by an individual to access the

13  individual's own personal or employer issued communications and electronic devices.  <u>Third</u>, it

14  allows face recognition technology in automatic detection services in social media applications.

15             20.

16       The Ordinance was passed to combat the growing encroachment of face recognition

17  technologies in our everyday lives.  The ban responds to concerns around "privacy and

18  intrusiveness, oversurveillance, lack of transparency, [and] gender and race bias."

19             21.

20       As Mayor Wheeler put it: "[a]s highlighted by numerous studies, articles, and community

21  feedback, the problems with Face Recognition Technology are almost too numerous to count,

22  and I refuse to sit back and watch our right to privacy and our civil rights be stripped away so

23  that corporations can make more money."[6]

24

25  [5] *It's not just Google or Facebook: The freezer aisle is ad targeting you now,* Katharine
    Schwab, Fast Company, https://www.fastcompany.com/90302382/its-not-just-google-or-
26  facebook-the-freezer-aisle-is-ad-targeting-you-too.
    [6] *Id.*

Page 5   -   **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 5 of 24**

22.

The "Purpose" section of the ordinance explains further: One of the primary issues with facial recognition technology today is that the technologies "have been shown to false identify women and People of Color on a routine basis." CCPO 34.10.010.

23.

People of color especially have been and continue to be over-policed, over-surveilled, and wrongfully convicted of crimes at rates far higher than those of white people.[7]  As such, large swathes of the public do not see face recognition technologies as benign enhancements to their consumer experience, but as active threats to their liberty.  The City of Portland recognized as much when it instituted this Ordinance.

24.

As alleged below, Jacksons violated CCPO 34.10.030 by using Face Recognition Technologies within the boundaries of the City.

**II. JACKSONS USES FACIAL RECOGNITION TECHNOLOGIES IN ITS STORES**

25.

Like nearly all convenience store chains, Jacksons uses security cameras to monitor customers in its stores.

26.

These security cameras dot the stores' ceilings and walls, offering those in "loss prevention" – the industry term for security guards – an expansive view of the store.

27.

Security camera surveillance is nothing new, closed-circuit cameras have been widely used since the 1970's and 80's.  However, Defendant took its monitoring a step further than most.

---

[7] Death Penalty Information Center, *Report: Black People 7.5 Times More Likely To Be Wrongfully Convicted of Murder than Whites, Risk Even Greater if Victim was White*, https://deathpenaltyinfo.org/news/report-black-people-7-5-times-more-likely-to-be-wrongfully-convicted-of-murder-than-whites-risk-even-greater-if-victim-was-white.

Page 6    -    **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL
Page 6 of 24**

1          28.

2          On information and belief, Jacksons used automated face recognition technology in

3    tandem with its security cameras to monitor, catalogue, and screen customers as before they enter

4    its stores.

5          29.

6          This information came to light when KGW8, a local Portland news station, published an

7    article in 2019 detailing Jacksons' use of facial recognition technologies in a Portland, Oregon

8    store location.[8]

9          30.

10          According to the report, the system, through facial recognition, screens customers as they

11    attempt to enter the store, locking those out whose faces have been catalogued on a blacklist.

12    When approaching the store, customers are presented with a sign that tells them to "LOOK AT

13    CAMERA FOR ENTRY" and that "Facial Recognition [is] in Use."[9]

14

15

16    

17

18

19

20

21          31.

22          The company behind the facial recognition technology deployed at Jacksons' Portland

23    locations is Blue Line Technology ("Blue Line").

24    _____

[8] KGW8, *Portland gas station using facial recognition technology to curb crime,*

25    *https://www.kgw.com/article/news/local/portland-gas-station-using-facial-recognition-*
*technology-to-curb-crime/283-8ce9f30a-2ac8-4c07-9ea9-11518a75e40a* (accessed

26    11/08/2022).
[9] *Id.*

Page 7   -   **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 7 of 24**

32.

Blue Line sells its facial recognition technologies in a hardware and software package. The hardware is a digital security camera, and the software is called "First Line Facial Recognition."[10]

33.

As Blue Line puts it: "First Line software uses high-quality, high-resolution, digital security cameras that capture images as people walk up to the camera."[11]  The software then deploys a "facial matching algorithm" to determine whether the face in front of the camera matches a face on file with Jacksons.  Customers are unable to enter a location using one of these systems without first subjecting themselves to it.[12]

34.

Jacksons used this facial recognition technology in three of its Portland, Oregon store locations.[13]

**III. FACIAL RECOGNITION TECHNOLOGIES**

35.

Facial recognition is a way of identifying or confirming an individual's identity using their face.  Facial recognition systems can be used to identify people in photos, videos, or in real-time.[14]

---

[10] Blue Line Technology, *First Line Facial Recognition – FLFRS*, https://bluelinetechnology.com/products/first-line-facial-recognition-flfrs/ (accessed 11/08/2022).
[11] *Id.*
[12] Red Tail, *Convenience Chain Adds Facial Recognition at More Portland Stores*, Kate Kaye, https://redtailmedia.org/2020/01/27/convenience-chain-adds-facial-recognition-at-more-portland-stores/ (accessed 11/08/2022).
[13] *Id.*
[14] Kaspersky, *What is facial recognition?*, https://www.kaspersky.com/resource-center/definitions/what-is-facial-recognition (accessed 10/03/2022).

Page 8   -   **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 8 of 24**

36.

The identification occurs by use of an artificial intelligence, a type of software algorithm which is trained to do certain tasks.  Typically, an artificial intelligence is trained to recognize specific objects in an image – an apple, for instance.  This is accomplished by "showing" the algorithm hundreds or thousands of images of an apple in different scenes and under different lighting situations, and then having the algorithm identify apples in new images.  Eventually, the algorithm "learns" what an apple is and can identify it in any image with a high degree of success.  Similarly, algorithms can be trained to recognize whenever a face has appeared in an image.

37.

However, facial recognition asks more of the algorithm.  Rather than just recognizing that *a* face is in the image, the algorithm is tasked with identifying the specific person.  This is a significantly more difficult task because the algorithm has not been shown hundreds of images of a specific individual's face.  Typically, just a single image of a specific face has been placed on a "watch list" for the algorithm, and it must attempt to recognize a customer based on that image.[15]  Thus, the algorithm must not only learn how to recognize a face, but to distinguish *between* faces.  One popular methodology for distinguishing faces is called "facial landmark detection."

///

///

///

///

///

///

///

///

[15] *Id.*

Page 9   -   **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 9 of 24**

38.

Facial landmark detection is a method of identifying specific "landmarks" on the face (eyes, nose, cheeks, etc.) for facial recognition.[16] Facial landmark detection uses a capture of a person's face and plots out, typically, 68 separate points which are then analyzed to extract information about the individual.



**A side-by-side depicting a reference image with dots placed around the "facial landmarks" and an image of just the dots.**

39.

More advanced programs use over 400 points to create a facial "mesh" of the subject. This approach uses "machine learning to infer the 3D facial surface from a single camera input, without a dedicated depth sensor.[17]



**Three images of faces with a "mesh" mapped onto them, the mesh has over 400 points on the facial landmarks, compared to the 68 in the image in paragraph 38.**

---

[16] DataGen, *Guide: Facial Landmarks*, https://datagen.tech/guides/face-recognition/facial-landmarks/#:~:text=Facial%20landmark%20detection%20is%20a,nose%2C%20lips%2C%20and%20others.

[17] *Id.*

Page 10  -  **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 10 of 24**

1      40.

2      In either case, a two-dimensional image is analyzed by software and an attempt is made

3   to identify the specific faces in the image.  This may work well for some faces, however, studies

4   and reports have made clear that the algorithms are not perfect, and that in fact they tend to be

5   racially and sexually biased.

6      41.

7      In 2019 the National Institute of Standards and Technology released a study which found

8   that face recognition software produced higher rates of false positives for Black and Asian people

9   than for whites.  Indeed, the software had a false positive rate sometimes over 100-times greater

10  than the rate for white people.  The Institute researchers found "empirical evidence for the

11  existence of [bias] in the majority of the facial recognition algorithms" they studied.[18]  Women

12  were also misidentified more than men, according to the study.

13     42.

14     Misidentification is even more likely in the convenience store context, where images from

15  cameras are often low-resolution, and the exteriors of the stores themselves not perfectly lit.

16     43.

17     Thus, on top of the privacy concerns which apply to everyone, women and people of color

18  risk being misidentified as criminals by merely existing in spaces of public accommodation, like

19  convenience stores.  This reality is precisely what led the city of Portland to institute the facial

20  recognition ban.

21

22

23

24

25  ─────────────

26  [18] Insider, *Facial-recognition Technology has a Racial-Bias Problem, According to New Landmark Federal Study*, https://www.businessinsider.com/facial-recognition-racial-bias-federal-study-2019-12

Page 11  -  **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 11 of 24**

## IV. JACKSONS' USE OF THE FACIAL RECOGNITION TECHNOLOGY IN ITS CONVENIENCE STORES VIOLATES THE ORDINANCE

44.

The Ordinance bans the identification, verification, detection, or characterization of a person's face.  At its core, it bans "capturing information about an individual based on an individual's face."  CCP 34.10.020(B).

45.

Jacksons' use of cameras and facial matching software to scan for would-be shoplifters clearly violates the Ordinance.  The cameras capture images of shoppers, use software to detect their faces, and then compares those faces with images of faces on a watch-list in order to identify certain individuals.

46.

In other words, the cameras and the software are "characterizing" or "capturing information" about customers based on their faces.  CCPO Ch. 34.10.020(B).

47.

The Ordinance bans precisely this kind of facial recognition.

48.

What's more, none of the exceptions to the Ordinance apply to Jacksons.  The cameras and software are used to detect and identify customers' faces for purposes of loss prevention.  On information and belief, the technology is not needed to comply with state, federal, or local laws.  Defendant does not use the Security System for employment purposes. And, finally, Defendant is not using the technology as part of a social media application.

//
//
//
//
//

Page 12  -  **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 12 of 24**

## V. PLAINTIFFS' EXPERIENCES

### a.  Plaintiff Norby

49.

Plaintiff Brian Norby is an Oregon domiciliary who was exposed to Facial Recognition Technology while in the city of Portland, Oregon.

50.

On January 5, 2021, Plaintiff Norby visited the Jacksons Food Store location on Grand Avenue in Portland, Oregon.  During this visit, Plaintiff Norby was required to remove his face mask and look at a camera where he was exposed to the facial recognition system prior to entering the store.  On multiple occasions, prior to and following January 5, 2021, Plaintiff Norby was subjected to the same experience upon entry to the Grand Avenue location.  On at least one occasion, Plaintiff Norby was informed by a Jacksons employee that facial recognition technology was in use.

51.

When Plaintiff Norby approached Defendant's store, he was exposed to Facial Recognition Technology, as described in paragraphs 25 to 48.

52.

By employing Facial Recognition Technology in its convenience stores and exposing Plaintiff to such technology, Defendant violated Plaintiff Norby's statutorily protected right to privacy.

### b.  Plaintiff May

53.

Plaintiff Jacqueline May is an Oregon domiciliary who was exposed to Facial Recognition Technology while in the city of Portland, Oregon.

Page 13  -  **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 13 of 24**

54.

On January 5, 2021, Plaintiff May visited the Jacksons Food Store location on Grand Avenue in Portland, Oregon. During this visit, Plaintiff May was required to remove her face mask and look at a camera where she was exposed to the facial recognition system prior to entering the store. On multiple occasions, prior to and following January 5, 2021, Plaintiff May was subjected to the same experience upon entry to the Grand Avenue location.

55.

When Plaintiff May walked through Defendant's store, she was exposed to Facial Recognition Technology, as described in paragraphs 25 to 48.

56.

By employing Facial Recognition Technology in its convenience stores and exposing Plaintiff May to such technology, Defendant violated Plaintiff May's statutorily protected right to privacy.

## CLASS ALLEGATIONS

57.

Pursuant to Oregon Rule of Civil Procedure 32, Plaintiffs seek class certification defined as follows (the "Class").

> **All individuals who were exposed to Facial Recognition Technologies when they visited Jacksons store locations in Portland, Oregon on or after January 1, 2021.**

Excluded from the Class are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors as well as any judicial officers presiding over this matter and the members of their immediate families and judicial staff.

58.

**Notice.** Pursuant to ORCP 32H, Plaintiffs sent Defendant notice of the alleged cause of action accompanied by a demand that Defendant correct or rectify the wrong.

Page 14 -  **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 14 of 24**

1            59.

2  **Numerosity.** The number of persons within the Class is substantial, believed to amount

3 to hundreds, if not thousands, of persons. It is, therefore, impractical to join each member of the

4 Class as a named plaintiff. Further, the size and relatively modest value of the claims of the

5 individual members of the Class renders joinder impractical.  Accordingly, utilization of the class

6 action mechanism is the most economically feasible means of determining and adjudicating the

7 merits of this litigation.  Moreover, the Class is ascertainable and identifiable from

8 advertisements and self-identifying affidavits.

9            60.

10  **Commonality and Predominance.**  Common questions of fact and law exists as to all

11 Class members and predominate over any questions that affect only individual class members.

12 These common legal and factual questions, which do not vary from Class member to Class

13 member, and which may be determined without reference to the individual circumstances of any

14 class member, include, but are not limited to, the following:

15    a. Whether the security systems at Jacksons locations in Portland, Oregon

16      used Facial Recognition Technologies as defined by CCPO Ch.

17      34.10.020(B).

18    b. Whether Plaintiffs and Class members are entitled to damages as set forth

19      in CCPO Ch. 34.10.050(A).

20    c. Whether Plaintiffs and Class members are entitled to attorney's fees

21      under CCPO Ch. 34.10.050(B).

22            61.

23  **Typicality.**  Plaintiffs' claim is typical of the claims of the members of the Class

24 in that:

25    a. Plaintiffs are members of the Class.

26

Page 15  -  **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 15 of 24**

b.   Plaintiffs' claims stem from the same practice or course of conduct that forms the basis of the Class in that Plaintiffs were subjected to facial recognition technology in Portland, Oregon Jacksons locations.

c.   Plaintiffs' claim is based upon the same legal and remedial theories as those of the class and involve similar factual circumstances.

d.   There is no antagonism between the interests of the named Plaintiffs and the absent Class members.

e.   The injury which Plaintiffs have suffered are similar to the injuries which the Class members have suffered.

62.

**Adequacy.** Plaintiffs have retained and are represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiffs can fairly and adequately represent and protect the interests of the Class. Neither Plaintiffs nor their counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiffs have raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiffs may seek leave of this Court to amend this Class Action Complaint to include additional representatives to represent the Class, to include additional claims as may be appropriate, or to amend the definition of the Class to address any steps that Defendant took.

63.

**Propriety of Class Treatment.** Certification of Plaintiffs' claims pursuant to ORCP 32 is therefore appropriate because a class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' and the proposed Class members' claims. Plaintiffs and the members of the proposed Class have suffered irreparable harm as a result of Defendant's unfair, unlawful, and unconscionable conduct. Because of the size of the individual Class members'

Page 16  -  **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 16 of 24**

1  claims, few, if any, proposed Class members could afford to seek legal redress for the wrongs

2  complained of herein.  Absent the class action, the proposed Class members will continue to

3  suffer losses and the violations of law described herein will continue without remedy, and

4  Defendant will be permitted to retain the proceeds of their misdeeds.  Defendant continues to

5  engage in the unlawful, unfair, and unconscionable conduct that is the subject of this Complaint.

6                                  **FIRST CLAIM FOR RELIEF**

7                              **(Violation of CCPO Ch. 34.10 *et seq.*)**

8                                              64.

9        Plaintiffs incorporate herein by reference the allegations contained in all preceding

10  paragraphs of this complaint.

11                                             65.

12       Plaintiffs bring this claim individually and on behalf of the members of the Class against

13  Defendant.

14                                             66.

15       Code of the City of Portland, Oregon Chapter 34.10.030 states that a "Private Entity shall

16  not use Face Recognition Technologies in Places of Public Accommodation within the

17  boundaries of the City of Portland."

18                                             67.

19       "Face Recognition", as defined by CCPO Ch. 34.10.020(A), means "the automated

20  searching for a reference image in an image repository by comparing the facial features of a

21  probe image with the features of images contained in an image repository..."

22                                             68.

23       As defined by CCPO Ch. 34.10.020(B): "Face Recognition Technologies" means

24  "automated or semi-automated processes using Face Recognition that assist in identifying,

25  verifying, detecting, or characterizing facial features of an individual or capturing information

26  about an individual based on an individual's face."

Page 17  -  **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 17 of 24**

69.

Jacksons is a "Private Entity" as defined by CCPO Ch. 34.10.020(E) because it is a company.

70.

Jacksons stores are "Places of Public Accommodation" as defined by CCPO Ch. 31.10.020(D)(1) because the stores are places offering to the public accommodations in the form of goods and services.

71.

Jacksons stores in Portland, Oregon used security cameras and facial matching software to identify customers based on an artificial intelligence analysis of the customer's general facial and anatomical characteristics.

72.

By using artificial intelligence and images of customers to identify them and compare them to images of customers on a watch list, the Jacksons security system uses Face Recognition.

73.

By using Face Recognition to automatically detect and characterize customers' facial and anatomical features, Jacksons' security system used Face Recognition Technologies.

74.

Jacksons therefore violated the City of Portland's Facial Recognition Ban when it used its security system to subject Plaintiffs and the members of the Class to facial matching software.

75.

On October 5, 2022, prior to filing this action, Defendant was served via certified mail with a pre-suit notice letter on behalf of Plaintiffs that complied in all respects with CCPO Ch. 34.10.050(b) and ORCP 32H. Plaintiffs' counsel sent Defendant a letter advising that Defendant violated CCPO Ch. 34.10 et seq. and demanded that Defendant cease and desist its use of the

Page 18  -  **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 18 of 24**

1    Facial Recognition Technology and pay restitution to the Class.   A true and correct copy of

2    Plaintiffs' counsel's letter is attached hereto as **Exhibit 1.**

3                                             76.

4         Plaintiffs and the Class members seek damages sustained as a result of the violation, or

5    statutory damages of $1,000 per day for each day of the violation, whichever is greater, as set

6    forth in CCPO Ch. 34.10.050(A), and reasonable attorney fees and costs as set forth in CCPO

7    Ch. 34.10.050(B).

8                              **PRAYER FOR RELIEF**

9         WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated,

10   respectfully request that this Court enter an Order:

11        1.    Certifying the case as a class action on behalf of the Class defined above

12              pursuant to ORCP 32, appointing Plaintiffs as the representative of the Class,

13              and appointing their counsel as Class Counsel;

14        2.    Declaring that Defendant's actions, as set out above, violated CCPO Ch. 34. 10

15              *et seq.;*

16        3.    Awarding compensatory damages or statutory damages of $1,000 per day for

17              each day of violation, whichever is greater, but totaling no less than

18              $10,000,000, as determined by the Court and/or jury;

19        4.    Awarding both pre- and post-judgment interest on any amounts awarded;

20        5.    Awarding Plaintiffs and the Class reasonable attorneys' fees and expenses and

21              costs of suit; and

22        6.    For such other and further relief as the Court may deem proper.

23

24   DATED: December 1, 2022               **LARKINS VACURA KAYSER LLP**

25                                          /s/ Cody Hoesly
                                            Cody Hoesly, OSB No. 052860
26                                          choesly@lvklaw.com
                                            Fax: (503) 827-7600

Page 19  -  **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 19 of 24**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*Pro Hac Vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Brittany S. Scott (*Pro Hac Vice* forthcoming)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: bscott@bursor.com

*Attorneys for Plaintiff*

Page 20  -  **CLASS ACTION COMPLAINT**

**LARKINS VACURA KAYSER LLP**
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 20 of 24**



**BURSOR & FISHER**
P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
**www.bursor.com**

**PHILIP L. FRAIETTA**
Tel: **646.837.7150**
Fax: **212.989.9163**
**pfraietta@bursor.com**

October 5, 2022

*Via Certified Mail – Return Receipt Requested*

Jacksons Food Stores, Inc.
3450 E Commercial Ct.
Meridian, ID 83642

Jacksons Food Stores, Inc.
c/o Registered Agent Solutions, Inc.
8130 SW Beaverton Hillsdale Hwy
Portland, OR 97225

Re:     *Notice and Demand Letter Pursuant to Code of the City of Portland, Oregon ("CCPO")*
*Ch. 34.10 et seq.*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Jacksons Food Stores, Inc. ("Jacksons" or "You") pursuant to CCPO Ch. 34.10.050(B) for breach of the prohibition on the use of facial recognition technology in public accommodation related to our clients, Brian Norby and Jacqueline May ("Client") and an Oregon class of all similarly situated persons (the "Class") who visited Jacksons Food Stores located in Portland, Oregon.  Should we not receive a response to our offer of resolution set forth below, this letter provides notice of our intent to file a class action lawsuit.

On information and belief, Jacksons employs facial recognition technology in its retail stores to identify individuals whose images appear in camera footage to permit them entry to store premises.  This technology is employed to assist in the identification and prosecution of shoplifters.  Mr. Norby and Ms. May visited your Jacksons location on Grand Avenue in Portland, Oregon on January 1, 2021.  When Mr. Norby visited, he was required to remove his face mask for entry, and a clerk verified that facial recognition technology was in use.

Your conduct thus constitutes a violation of CCPO Ch. 34.10 *et seq.*  As a result of Your violation of the above-referenced statutes, our Clients sustained injury.

On behalf of our Clients and the Class, we hereby demand that You immediately (1) cease and desist from continuing to employ facial recognition technology in your retail stores in Portland, Oregon; and (2) make full restitution to all persons who visited Jacksons retail stores located in Portland, Oregon.

**BURSOR & FISHER**
P.A.

We also demand that You preserve all documents and other evidence which refers or relates to any of the above-described practices including, but not limited to, the following:

1.  All documents concerning the implementation and use of facial recognition technology in your retail stores;

2.  All documents concerning third party contracts relating to the implementation and use of facial recognition technology in your retail stores;

3.  All documents relating to the facial recognition data collected through use of facial recognition technology in your retail stores;

If You contend that any statement in this letter is inaccurate in any respect, please provide us with Your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if You wish to discuss an appropriate way to remedy this matter.  If I do not hear from You promptly, I will take that as an indication that You are not interested in doing so.

Very truly yours,

Philip L. Fraietta

## IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF MULTNOMAH

BRIAN NORBY and JACQUELINE MAY,
individually and on behalf of all others similarly
situated,

        Plaintiffs,

    v.

JACKSONS FOOD STORES, INC.,

        Defendant.

Case No. 22CV40791

**SUMMONS**

To:  JACKSONS FOOD STORES, INC., by and through their Registered Agent, REGISTERED
AGENT SOLUTIONS, INC., 8130 SW Beaverton Hillsdale Hwy., Portland, OR 97225

    IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and
defend the complaint filed against you in the above-entitled cause within 30 days from the date
of service of this summons on you. If you fail to appear and defend, the plaintiff will apply to the
court for the relief demanded in the complaint.

NOTICE TO DEFENDANT:
READ THESE PAPERS CAREFULLY

    You must "appear" in this case or the other side will win automatically. To appear you
must file with the court a legal paper called a motion or answer. The motion or answer must be
given to the court clerk or administrator within 30 days along with the required filing fee. It must
be in proper form and have proof of service on the plaintiff's lawyer or, if the plaintiff do not
have a lawyer, proof of service on the plaintiff.

///
///
///
///
///
///
///
///
///
///

Page 1- SUMMONS

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 23 of 24**

If you have any questions, you should see a lawyer immediately. If you need help in finding a lawyer, you may call the Oregon State Bar's Lawyer Referral Service at 503-684-3763 or toll-free in Oregon at 800-452-7636.

DATED: December 1, 2022.

**LARKINS VACURA KAYSER LLP**

s/ Cody Hoesly
Cody Hoesley, OSB #052860
choesly@lvklaw.com
121 SW Morrison Street, Suite 700
Portland, Oregon 97204
Ph: (503) 222-4424
Fax: (503) 827-7600

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*Pro Hac Vice* forthcoming)
pfraietta@bursor.com
888 Seventh Avenue
New York, NY 10019
Ph: (646) 837-7150
Fax: (212) 989-9163

Brittany S. Scott (*Pro Hac Vice* forthcoming)
bscott@bursor.com
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Ph: (925) 300-4455
Fax: (925) 407-2700

**EXHIBIT 1 TO NOTICE OF REMOVAL**
**Page 24 of 24**